### (May 4, 1979)

█ THE PEOPLE OF THE STATE OF NEW YORK ex rel. IVAN S. FISHER, on Behalf of LOUIS PELLON, Petitioner, v ALBERT GRAY, as Commissioner of Correction of the County of Westchester, Respondent.—Petition for a writ of habeas corpus and cross motion for the dismissal of the writ. On the hearing, upon the return of the writ (for the fixation of bail) (production of the petitioner having been waived), application denied, cross motion granted, and writ dismissed, without costs or disbursements. Several indictments have been returned against Louis F. Pellon in the County Court, Westchester County. He is being held without bail. By order of the Supreme Court, Westchester County, dated January 26, 1979 his application, by way of habeas corpus, for the fixing of bail was denied; his further application before this court for the fixing of bail was denied on February 8, 1979. Pellon has also been indicted by a Federal indictment filed on March 20, 1979. He applied to the United States District Court, Southern District of New York, on April 6, 1979, for habeas corpus relief, claiming that the refusal by the State courts to grant bail unconstitutionally deprived him of his rights. On April 10, 1979 Judge Goettel denied his petition without prejudice to renew following Pellon's further application to the State courts, suggesting that the State courts reevaluate Pellon's bail status in the light of the likelihood of a State trial within a reasonable time. An application to the Supreme Court, Westchester County, was then made by Pellon pursuant to the direction of the Federal court. Special Term again denied bail. This application is now made by Pellon to this court for habeas corpus relief. Following argument, the District Attorney and the attorney for Pellon were directed to submit affidavits with respect to the prospects of a trial. The District Attorney has stated that his office is ready to proceed to trial. It appears that motions and the scheduling of the trial are to be considered on May 11, 1979 before the trial court. It further appears that in certain of the indictments pending against Pellon his codefendants have brought omnibus motions, but that Pellon has made no motions to date. In view of these circumstances, the motion for habeas corpus relief is denied and the cross motion to dismiss the petition is granted. We see no reason at this point to interfere in the discretion exercised by Special Term. Pellon should expeditiously make such motions with respect to the pending indictments as may be required and a trial should be held as early as possible. We have no doubt that the trial court will take these matters into consideration on May 11, 1979, the time that the scheduling of the trial will be determined. Hopkins, J. P., Damiani, O'Connor and Mangano, JJ., concur.